Sheri M. Thome, Esq.
Nevada Bar No. 008657
Nicholas F. Adams, Esq.
Nevada Bar No. 014813
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Nicholas.Adams@wilsonelser.com
*Attorneys for Defendant*
*The Standard Fire Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BONAS, an individual; and NOELLE BONAS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE STANDARD FIRE INSURANCE COMPANY, a Connecticut corporation, <br><br> Defendant. | Case No.  3:26-cv-00313-CLB <br><br> **DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Defendant The Standard Fire Insurance Company ("Defendant"), by and through its attorneys of record, Sheri M. Thome, Esq. and Nicholas F. Adams, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby answer Charles Bonas and Noelle Bonas' (collectively "Plaintiffs") Complaint as follows:

## I.

## NATURE OF THE ACTION

1. Answering paragraph 1 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

2. Answering paragraph 2 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

337622694v.1

3.    Answering paragraph 3 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

4.    Answering paragraph 4 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

5.    Answering paragraph 5 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

**II.**

**PARTIES**

6.    Answering paragraph 6 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

7.    Answering paragraph 7 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

8.    Answering paragraph 8 of Plaintiffs' Complaint, Defendant admits it is duly authorized to conduct business in the State of Nevada and is a citizen of the State of Connecticut.

**III.**

**JURISDICTION AND VENUE**

9.    Answering paragraph 9 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

10.    Answering paragraph 10 of Plaintiffs' Complaint, Defendant admits it is a citizen of Connecticut. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

337622694v.1

11.     Answering paragraph 11 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

12.     Answering paragraph 12 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

13.     Answering paragraph 13 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

## IV.

## FACTUAL ALLEGATIONS

**A. The Policy**

14.     Answering paragraph 14 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

15.     Answering paragraph 15 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

16.     Answering paragraph 16 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

17.     Answering paragraph 17 of Plaintiffs' Complaint, Defendant admits that "resident relative" includes the meaning "a person related to [the insured] by blood, marriage, or adoption who is a resident of [the insured's] household. Defendant denies that this is the complete meaning.

18.     Answering paragraph 18 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

19.     Answering paragraph 19 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

337622694v.1

20. Answering paragraph 20 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

**B. Noell Bonas's Residency**

21. Answering paragraph 21 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

22. Answering paragraph 22 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

23. Answering paragraph 23 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

24. Answering paragraph 24 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

25. Answering paragraph 25 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

26. Answering paragraph 26 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

27. Answering paragraph 27 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

28. Answering paragraph 28 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

29. Answering paragraph 29 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

**C. The March 18, 2025 Accident**

30. Answering paragraph 30 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

31. Answering paragraph 31 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

-4-

337622694v.1

32.    Answering paragraph 32 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

**D. Charles Bonas's Injuries**

33.    Answering paragraph 33 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

34.    Answering paragraph 34 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

35.    Answering paragraph 35 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

36.    Answering paragraph 36 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

37.    Answering paragraph 37 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

38.    Answering paragraph 38 of Plaintiffs' Complaint, Defendant lacks information sufficient to admit or deny the allegations contained therein and thus denies them on that basis.

**E. Travelers' Coverage Determination and Denial**

39.    Answering paragraph 39 of Plaintiffs' Complaint, Defendant admits Charles Bonas made a claim. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

40.    Answering paragraph 40 of Plaintiffs' Complaint, Defendant admits a demand was made on February 26, 2026. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

41.    Answering paragraph 41 of Plaintiffs' Complaint, Defendants admits it denied coverage on the basis that Charles Bonas does not qualify as an "insured" or a "resident relative." As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

337622694v.1

42.    Answering paragraph 42 of Plaintiffs' Complaint, Defendant admits Plaintiffs responded to the denial. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

43.    Answering paragraph 43 of Plaintiffs' Complaint, Defendant admits it reaffirmed its denial. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

44.    Answering paragraph 44 of Plaintiffs' Complaint, Defendant admits it continued to deny the claim. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

45.    Answering paragraph 45 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

46.    Answering paragraph 46 of Plaintiffs' Complaint, Defendant admits UM/UIM or MedPay benefits have not been paid as of this date of this Answer under the Policy. As to the remaining allegations, Defendant lacks information sufficient to admit or deny the remaining allegations contained therein and thus denies them on that basis.

47.    Answering paragraph 47 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

48.    Answering paragraph 48 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

**V.**

**<u>FIRST CLAIM FOR RELIEF</u>**

**Breach of Contract**

-6-

337622694v.1

49.    Answering paragraph 49 of Plaintiffs' Complaint, Defendant hereby incorporates the admissions, denials and affirmative defenses set forth above and below as if fully set forth herein.

50.    Answering paragraph 50 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

51.    Answering paragraph 51 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

52.    Answering paragraph 52 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

53.    Answering paragraph 53 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

54.    Answering paragraph 54 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

55.    Answering paragraph 55 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

56.    Answering paragraph 56 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

57.    Answering paragraph 57 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

58.    Answering paragraph 58 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

59.    Answering paragraph 59 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

337622694v.1

**VI.**

**SECOND CLAIM FOR RELIEF**

**Declaratory Relief**

**(28 U.S.C. §§ 2201 and 2201)**

60.    Answering paragraph 60 of Plaintiffs' Complaint, Defendant hereby incorporates the admissions, denials and affirmative defenses set forth above and below as if fully set forth herein.

61.    Answering paragraph 61 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

62.    Answering paragraph 62 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

63.    Answering paragraph 63 of Plaintiffs' Complaint, Defendant states this paragraph contains purported legal conclusions and/or recitations of law, rather than allegations, and as such, no response is necessary. To the extent said paragraph is determined to contain factual allegations made against Defendant, Defendant denies each and every allegation made against it.

The remainder of the Complaint contains Plaintiffs' prayer for relief and demand for a jury trial, to which no response is required. To the extent a response is necessary, Defendant denies the allegations in Plaintiffs' prayer for relief and demand for jury trial and further avers that Plaintiffs are not entitled to any relief in this action.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, and all causes of action contained therein, fails to state a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel, waiver and/or laches.

. . .

-8-

337622694v.1

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action alleged therein, is barred because the relief sought by Plaintiffs would, if granted, unjustly enrich Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded and/or reduced by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded and/or reduced due to ratification and/or consent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs breached the Policy/agreement with Defendant, thus is not entitled to recover in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times during the events asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims for damages have not accrued and are too speculative, uncertain, and contingent to be recoverable.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant has committed no intentional acts meant to disrupt or harm Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to interest, attorney's fees or costs in connection with this lawsuit.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of breach of condition precedent, impossibility, prevention, frustration of purpose, waiver and/or estoppel.

. . .

-9-

337622694v.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

No coverage is afforded under the policy at issue for some or all of the items of loss asserted in Plaintiffs' Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have engaged in acts, omissions and conduct that constitute a breach of their obligations under the policy at issue.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The specified coverage under the policy at issue is subject to and limited by all applicable terms, conditions, and exclusions. There may be other terms, conditions, and exclusions of the policy that operate to bar or limit coverage for some or all of the amounts for which Plaintiffs seek coverage. Defendant reserves the right to raise affirmatively other terms, conditions, and exclusions as a defense to Plaintiffs' Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the terms, exclusions, conditions, and limitations contained or incorporated in the policy at issue and by application of law and principles of equity, all of which are reserved and none of which are waived.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant was excused from performance under the agreement by reason of failure of consideration, breach of condition precedent, impossibility of performance, prevention by Plaintiffs, frustration of purpose, waiver and/or estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, whether all or portions thereof, were proximately caused or contributed to by their own conduct.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' damages, whether all or portions thereof, were proximately caused or contributed to third parties over whom Defendant has no control.

. . .

. . .

-10-

337622694v.1

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have not established the prerequisites for uninsured/underinsured motorist coverage, including an entitlement to benefits.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred or limited by misrepresentations made in connection with the securing of the policy/policies and/or misrepresentations concerning claims made under the policy.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

Pursuant to Rule 12, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer to the Complaint and, therefore, Defendant reserves the right to amend this Answer to the Complaint to allege additional affirmative defenses if subsequent investigation warrants.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of the Complaint on file herein;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendant be awarded reasonable attorney's fees and costs in this matter; and

4.     For such and further relief as this Court may deem just and proper.

DATED this 15th day of June, 2026.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:     */s/ Nicholas F. Adams*
          Sheri M. Thome, Esq.
          Nevada Bar No. 008657
          Nicholas F. Adams, Esq.
          Nevada Bar No. 014813
          6689 Las Vegas Blvd. South, Suite 200
          Las Vegas, Nevada 89119
          *Attorneys for Defendant*
          *The Standard Fire Insurance Company*

-11-

337622694v.1

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that on this 15th day of June, 2026, I served a true and correct copy of the foregoing **DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S ANSWER TO COMPLAINT** as follows:

☐    by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒    via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐    via hand-delivery to the addressees listed below;

☐    via facsimile;

☐    by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

Gene M. Kaufmann, Esq.
Joel A. Kaufmann, Esq.
KAUFMANN LAW
1576 3rd Street
Minden, NV 89423
Telephone: (775) 600-2220
Email: GKaufmann@bayith.net
Email: JKaufmann@bayith.net
*Attorneys for Plaintiffs*

BY:    */s/ Kate Samano*
        An Employee of
        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

-12-

337622694v.1